**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Arthur Doiron

    v.

                                     Case No. 16-cv-264-SM
                                     Opinion No. 2017 DNH 014

New Hampshire State Prison
Corrections Officer FNU Camirand et al.

## O R D E R

Before the court is plaintiff Arthur Doiron's December 30, 2016 filing (Doc. No. 11), which has been docketed as a "Motion for Relief from Order and Judgment."[1]  In that filing, Doiron asks the court not to dismiss his case, despite his failure to timely object to the October 24, 2016, Report and Recommendation ("R&R") (Doc. No. 6), recommending dismissal of this action in its entirety.  Because the court approved that R&R and dismissed the case in an Order issued December 29, 2016, (Doc. No. 9) ("December 29 Order"), and has entered Judgment (Doc. No. 10), the court has construed Doc. No. 11 as a motion for relief from the December 29 Order and Judgment.

---

[1]Doiron's December 30, 2016, filing (Doc. No. 11) was initially docketed in two other cases that are pending in this court, Doiron v. LeMay, No. 16-cv-326-PB, and Doiron v. Byrd, No. 16-cv-327-JL.  The filing was not initially docketed in this matter, as this case had been closed the day before the filing was received, but has now been docketed in this court as Doiron's "Motion for Relief from Order and Judgment."

## Procedural Background

In the R&R, the magistrate judge recommended that Doiron's complaint be dismissed. Doiron was paroled on October 21, 2016, prior to the issuance of the R&R, and the copy of the R&R mailed to Doiron was returned to the court undelivered on November 16, 2016. See Doc. No. 7. The court then obtained a possible address for Doiron in Hudson, New Hampshire, and directed that the documents be resent to Doiron at that address. The court at that time also extended the deadline for Doiron to object to the R&R to December 9, 2016.

The mail sent to the Hudson address was not returned. Doiron did not file any objection to the R&R, and the court issued the December 29 Order, approving the R&R.

In his December 30, 2016, filing, Doiron advised the court that he had been rearrested on December 8, and was held at the Hillsborough County House of Corrections until December 16, 2016. On that date, Doiron was returned to the New Hampshire State Prison, where he is presently incarcerated, and where he expects to remain until March 7, 2017.

## Discussion

Construed as a request for relief from the December 29 Order and Judgment, Doiron's request that the court not dismiss

2

his case arises under Rule 60(b)(1) of the Federal Rules of Civil Procedure.  That rule authorizes the court to grant relief from an order or judgment based on, among other things, "'excusable neglect.'"  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 169 (1st Cir. 2016) (quoting Fed. R. Civ. P. 60(b)(1)).

"'[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly.'" Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 3 (1st Cir. 2014) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).  To obtain relief, Doiron must establish: the existence of exceptional circumstances that caused his failure to act earlier in this case, that his underlying claims and objections to the R&R, are meritorious, and that defendants will not be unfairly prejudiced if the court were to vacate the December 29 Order and Judgment. See Rivera-Velázquez, 750 F.3d at 3-4.

In considering whether plaintiff's omissions in this case constitute "excusable neglect," the court must consider all of the facts and circumstances surrounding those omissions.  The relevant facts and circumstances for the court to consider "typically include such things as the danger of prejudice to the non-movant, the length of the delay, the reason for the delay,

3

and whether the movant acted in good faith. . . .  Within the constellation of relevant factors, the most important is the reason for the particular oversight."  Id. at 4 (internal quotation marks and citations omitted).  "'At a bare minimum, a party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable.'"  Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 39 (1st Cir. 2013) (citation omitted).

Construed liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Doiron's motion for relief from the December 29 Order and Judgment suggests that, due to his release on parole from prison to the community, and subsequent arrest and reincarceration at two facilities, the October 24 R&R did not catch up with him in time for him to timely object.  Doiron's motion for relief from the December 29 Order and Judgment does not at this time contain sufficient information to allow the court to find that Doiron's neglect of this matter was excusable.

In an abundance of caution, as Doiron is proceeding pro se, the court grants Doiron leave to amend his motion for relief from the December 29 Order and Judgment, to provide the court with additional facts to demonstrate the existence of exceptional circumstances warranting the exceptional relief of vacating the

4

December 29 Order and Judgment and allowing Doiron to object to the R&R. The amended motion for relief must include:

1. the reasons why Doiron failed to object to the R&R in a timely fashion;

2. what efforts, if any, Doiron made to notify this court of his address changes and to keep himself apprised of these proceedings; and

3. the specific grounds upon which Doiron would object to the R&R, if the December 29 Order and Judgment are vacated.

## Conclusion

For the foregoing reasons, the court directs as follows:

1.  The Clerk's office is directed to send Doiron, along with a copy of this Order, a copy of the docket sheet in this matter, and copies of the documents docketed in this case as Doc. Nos. 1 and 4 - 10.

2.  Doiron is granted leave to file an amended motion for relief from the December 29 Order and Judgment, in accordance with the terms set forth in this Order, on or before February 10, 2017.

Doiron's failure to file an amended motion, as directed, or failure to file a timely motion to extend the February 10 deadline, will result in the denial of Doiron's motion for relief from judgment and the December 29 Order and Judgment in this case remaining in place.

5

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

January 20, 2017

cc:   Arthur J. Doiron, pro se