# United States Court of Appeals
## For the First Circuit

No. 09-1721

MONSERRATE GARCÍA-PÉREZ, ET AL.,

Plaintiffs, Appellants,

v.

HOSPITAL METROPOLITANO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

Humberto R. Vázquez-Sandoval on brief for appellants.
Gloria M. De Corral and De Corral & De Mier on brief for appellee, Hospital Metropolitano.
Juan M. Masini-Soler on brief for appellees, Rafael Ramírez-Pepen, Conjugal Partnership Ramírez-Doe.

February 24, 2010

**Per Curiam**.  On the scheduled trial date, which had been set only six days earlier, the district court, acting sua sponte, dismissed this case with prejudice "for lack of prosecution based on the plaintiffs' non-compliance with discovery deadlines," particularly their failure to produce a medical expert report. Without condoning the plaintiffs' lengthy and unjustified delay in producing their expert's report, we reluctantly vacate the dismissal because, in short, the absence of a clearly communicated deadline for providing expert reports or notice that failing to do so more promptly could result in dismissal rendered that drastic sanction an abuse of discretion.  We explain.

We review dismissals under Rule 41(b) for abuse of discretion.  Malot v. Dorado Beach Cottage Assocs., 478 F.3d 40, 43 (1st Cir. 2007).  Although "[c]laims that a court has abused its discretion in dismissing a case for failure to adhere to discovery orders or for failure to prosecute have 'not received a sympathetic ear,'" id. (quoting Damiani v. R.I. Hosp., 704 F.2d 12, 17 (1st Cir. 1983)), we "must fairly balance the court's venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits," id., and "procedural aspects such as notice," Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006).  This is the rare case where the latter concerns outweigh the former.

The plaintiffs' three-year delay in producing their expert's report was sufficiently "extreme" to warrant the harsh sanction of dismissal,[1] see Malot, 478 F.3d at 44 (describing this court's tendency "to reserve dismissal with prejudice for delays measured in years"); and they offered no legitimate excuse for that lengthy delay,[2] see Benitez-Garcia, 468 F.3d at 5. Nevertheless, other relevant factors weigh heavily against imposing that drastic sanction here.

First of all, without condoning the lethargic pace that this litigation took, the responsibility for that pace was shared, in large part, by the district court,[3] which failed to exercise its

---

[1]Although the district court also premised its dismissal order, more generally, on the plaintiffs' "non-compliance with discovery orders," it identified no such orders and none are pointed out by the appellees or apparent in the record. Cf. Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo y Beneficiencia, 248 F.3d 29, 36 (1st Cir. 2001) (affirming dismissal with prejudice where district court made "explicit and lengthy findings of egregious discovery abuses"). The plaintiffs did delay in filing their second amended complaint, but their failure to do so more promptly was related to their delay in obtaining expert advice, not to any other discovery violations.

[2]Other than the absence of a deadline, the plaintiffs' only excuse was that their original expert took longer than expected to produce his report and they were therefore forced to retain a new one. But the plaintiffs apparently gave their original expert no deadline for producing his report and were not aggressive in seeking it more promptly. And even after they retained a new expert, another year went by without production of an expert report.

[3]As in Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 67 n.4 (1st Cir. 1999), and Malot, 478 F.3d at 45, the defendants here also share this responsibility. One of the defendants failed to answer the first amended complaint until more than two months after the already extended deadline without seeking a further extension;

-3-

"abiding responsibility" under federal and local rules to "take an active role in case management," Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002), by "issu[ing] orders 'as soon as practicable' fixing deadlines for the completion of discovery" and other pretrial events. Torres v. Puerto Rico, 485 F.3d 5, 10 (1st Cir. 2007) (quoting Fed. R. Civ. P. 16(b)); see also Ortiz-Anglada, 183 F.3d at 66-67 (vacating a dismissal with prejudice where the district court failed to impose deadlines through a scheduling order). Contrary to federal Rule 16(b), the district court never issued an initial scheduling order; and, contrary to the corresponding local rule, it never scheduled or held a pretrial conference and did not set a trial date until six days before trial. Although the court did set a deadline for the plaintiffs' production of their expert's report, once that deadline expired without compliance, the court never set a new one even after the defendants eventually asked the court to do so.

The court further contributed to delay by taking months to rule on the parties' motions, which, if promptly decided, would have moved the case along more expeditiously. For example, the

---

another defendant never answered the first amended complaint at all; and the principal defendant had not filed an answer to the second amended complaint, or sought more time to do so, by the time the case was dismissed in March 2009, five months after that complaint had been filed. Nor did the defendants bring to the court's attention the plaintiffs' failure to produce their expert report by the original deadline of January 30, 2007, or ask the court to impose another deadline until November 26, 2008, almost two years later.

court never ruled on the plaintiffs' April 2007 request for more time to finalize their expert's report; took six months to rule on the defendants' motion for a more definite statement; took seven months to rule on the defendants' motion to dismiss; and never ruled on the defendants' November 2008 motion to set a deadline for the plaintiffs to produce their expert's report.

The court's failure to set deadlines not only contributed to the case's slow pace but also rendered its ultimate dismissal order unfair in two respects. First, there was no "clearly communicated" deadline for producing the plaintiffs' expert report. See Velázquez Linares v. United States, 546 F.3d 710, 711-12 (1st Cir. 2008) (acknowledging "'litigants' unflagging duty to comply with clearly communicated case-management orders'" (quoting Rosario-Díaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)) but vacating dismissal order based on "uncertainty" of the missed deadline). Once the original deadline passed and the court failed to set a new deadline at both sides' requests, the only operative deadline was the default deadline contained in Rule 26(a)(2)(C)(i), under which the plaintiffs' expert report was due "at least 90 days before the date set for trial or for the case to be ready for trial." But since no trial date was set until six days before trial, it was impossible for the plaintiffs to comply with that 90-day deadline. Nor did the plaintiffs have any other way of knowing that trial was imminent. Despite the relatively long time that had passed since

the filing of the original complaint, the principal defendant had not yet answered the second amended complaint. Nor had pretrial memoranda been filed or a pretrial conference scheduled or held.

Second, the plaintiffs were given no express notice of the consequences of failure to produce their expert report more promptly. Although the court included boilerplate language in two orders stating that "[f]ailure to comply will result in the imposition of severe sanctions and/or dismissal of the complaint with prejudice for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)," neither of those orders set a deadline for the production of the plaintiffs' expert report.[4] Therefore, those warnings did not give the plaintiffs "realistic notice" that they faced the harsh sanction of dismissal with prejudice for failure to produce their expert report before February 17, 2009, the date when the dismissal order issued. Malot, 478 F.3d at 45 (so concluding in similar circumstances). Although prior notice of the consequences is not always required, Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 50 n.5 (1st Cir. 2003), "in the absence of such a warning, the propriety of dismissal 'turns to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct.'" Id. (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 632 (1962)). As discussed above,

_____

[4]Rather, one of them set a deadline for complying with an order to show cause, which the plaintiffs did on time; and the other set a deadline for filing the second amended complaint, which the plaintiffs did, albeit one day after the extended deadline.

given the lack of notice of the imminence of trial, the plaintiffs cannot reasonably be deemed to have had notice that their delay in producing their expert's report would lead to dismissal.

A further consideration weighing against the propriety of dismissal with prejudice is the absence of evidence--or even any contention--that the defendants were prejudiced by the delay. Benitez-Garcia, 468 F.3d at 5. Given that the principal defendant had not yet answered the second amended complaint and that no pretrial memoranda had been filed or pretrial conference conducted, it is doubtful that the defendants (or the court) were any more ready for trial than the plaintiffs or that, even if the plaintiffs had produced their expert report more promptly, the trial would have gone forward on the precipitously announced date.

A final relevant factor is the absence of evidence that the district court considered the adequacy of lesser sanctions, id. at 6, such as continuing the trial to a date certain and imposing monetary sanctions to compensate the defendants for any harm caused by the continuance, Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 80 (1st Cir. 2009), and then setting short deadlines for production of the expert's report and any other remaining pretrial events and strictly enforcing them, Velázquez Linares, 546 F.3d at 711-12.

In sum, although the district court was justifiably unhappy with the plaintiffs' lengthy and unjustified delay in

producing their expert's report, the court's failure to set a clear deadline for doing so, to warn the plaintiffs of the consequences of noncompliance with that deadline, to make findings concerning the nature of the plaintiffs' conduct and the prejudice to the defendants, and to consider the adequacy of lesser sanctions renders the sanction of dismissal with prejudice an abuse of its broad discretion to manage its caseload. Accordingly, we <u>vacate</u> the dismissal and <u>remand</u> for further proceedings. <u>Each party shall bear its own costs</u>.