# United States Court of Appeals
## For the First Circuit

No. 15-1782

WILMARY SANTOS-SANTOS,

Plaintiff, Appellant,

v.

REYNALDO TORRES-CENTENO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Lynch, Selya, and Lipez,
Circuit Judges.

Eric C. Marion, with whom Law Office of Eric Marion was on brief, for appellant.
Michelle Camacho-Nieves, Assistant Solicitor General of Puerto Rico, with whom Margarita L. Mercado-Echegaray, Solicitor General of Puerto Rico, was on brief, for appellee.

November 23, 2016

**LIPEZ**, **Circuit Judge**.  Appellant Wilmary Santos-Santos ("Santos"), an officer with the Puerto Rico Police Department ("PRPD"), filed this employment discrimination case against the Commonwealth of Puerto Rico, the PRPD, and a number of her coworkers under various federal and Puerto Rico statutes.  Santos alleges that she was transferred against her wishes to a different department within the PRPD after she co-signed a sexual harassment complaint against a coworker, acted as a witness in a separate investigation of that coworker, and filed an unrelated complaint regarding the misuse of police property by her superiors.  Santos sought compensatory and punitive damages, as well as an injunction barring the PRPD from further discrimination.

The district court granted summary judgment for the defendants on all of Santos's claims in two rulings in August 2012 and November 2014.  On appeal, Santos attempts to challenge both entries of summary judgment.  Because Santos failed to adhere to procedural requirements relating to the dispositions of a magistrate judge as set forth by Federal Rule of Civil Procedure 72(b) and Puerto Rico Local Rule 72(d), we affirm the district court's decisions without reaching the merits of Santos's claims.

**I.**

We recount in detail the complicated procedural history of this case because it is determinative of the appeal. Santos filed this action in January 2011.  While several discovery motions

were pending before the district court, the defendants moved for summary judgment.  Instead of filing a standard opposition to the defendants' summary judgment motion, Santos, citing Rule 56(d) of the Federal Rules of Civil Procedure, filed a response asserting that she still required certain documents that were among her discovery requests to effectively counter the defendants' motion.  In August 2012 the district court granted summary judgment in favor of defendants on nearly all of Santos's claims,[1] finding that her attempted reliance on pending discovery related only to her First Amendment claim -- which the court dismissed for failing to state a claim upon which relief could be granted under Garcetti v. Ceballos, 547 U.S. 410 (2006).[2]  Only Santos's retaliation claims under Title VII and Law 115 survived, and the court instructed Santos to file her opposition to the summary judgment motion on these issues.

---

[1] Santos's principal claims alleged violations of her free speech rights under the First Amendment, retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and retaliation under Act No. 115 of December 20, 1990, P.R. Laws Ann. tit. 29, §§ 194-194b ("Law 115").  She also alleged a conspiracy among her employer and coworkers to interfere with her civil rights under 42 U.S.C. § 1985, along with a number of other violations of federal and Puerto Rico laws.

[2] The court found that Santos failed to demonstrate that any of her comments for which she alleged retaliation in violation of the First Amendment were made while speaking in her capacity as a private citizen, which Garcetti requires. See 547 U.S. at 418.

After Santos filed her opposition memorandum, the district court dismissed her Title VII retaliation claims against individual defendants Gregorio Merced-Vázquez, Reynaldo Torres-Centeno, William Ruiz-Borrás, and Miguel Santiago-Rivera, and her Law 115 claim against William Ruiz-Borrás. At that point, the surviving claims consisted of Santos's Title VII claims against the Commonwealth of Puerto Rico and the PRPD and her Law 115 claims against the Commonwealth of Puerto Rico, the PRPD, Merced-Vázquez, Torres-Centeno, and Santiago-Rivera.

Defendants next filed a motion for reconsideration, asking the court to dismiss the case in its entirety, which the court denied. While the defendants' motion for reconsideration was pending, Santos sought interlocutory review in this court of the order dismissing her other claims. We concluded that we did not have jurisdiction to hear her appeal at that time, dismissed the interlocutory appeal without prejudice, and returned the case to the district court.

Discovery thus proceeded as the case moved toward trial. In June 2014, however, defendants filed a second motion for summary judgment on the remaining claims in light of the Supreme Court's decision in University of Texas Southwestern Medical Center v. Nassar, 133 S. Ct. 2517 (2013).[3] Santos filed her opposition, and

<hr>

[3] Nassar held that Title VII retaliation claims require the more stringent "but-for" causation standard of proof rather than

the court referred the matter to a magistrate judge, who recommended that the motion be granted. Santos did not file an objection to the magistrate judge's report and recommendation within the fourteen-day deadline prescribed by Federal Rule of Civil Procedure 72(b) and Puerto Rico Local Rule 72(d). On November 20, 2014, the district judge adopted the magistrate judge's report and recommendation in full and entered final judgment dismissing Santos's claims with prejudice. In its dismissal order the court noted that "[a]bsent objection . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] with the magistrate judge's recommendation" and that the court "needs only [to] satisfy itself by ascertaining that there is no 'plain error' on the face of the record." Santos-Santos v. P. R. Police Dep't., 63 F. Supp. 3d 181, 184 (D.P.R. 2014) (quoting Lopez-Mulero v. Velez-Colon, 490 F. Supp. 2d 214, 217-18 (D.P.R. 2007)).

On the same day that final judgment was entered, Santos responded by filing a "Motion to Reconsider and Set Aside Memorandum and Order as Well as Judgment." Santos complained that her lawyer was out of the jurisdiction when the magistrate judge posted his report and recommendation and, hence, did not see that

---

the more lenient "mixed-motive" causation standard permitted in Title VII discrimination claims grounded in race, color, religion, sex, or national origin. See 133 S. Ct. at 2534.

- 5 -

it had been issued until final judgment was entered.  She also asserted that because there was no docket entry informing parties of the motion's referral, her lawyer was never aware that it had been assigned to a magistrate judge.  Santos asked the court to set aside its judgment dismissing her case and requested that she be given an opportunity to object to the report and recommendation.

The district court chose to view Santos's motion as a "request for reconsideration," but it responded by cautioning Santos as follows in an electronic docket order entered the following day:

> [T]he fact that a formal referral was not entered in this case is immaterial, since the record confirms that (i) the Report and Recommendation was notified to [Santos's attorney's] email address of record; (ii) it included a warning that failure to file specific objections within fourteen days would constitute a waiver of the right to appellate review . . . and (iii) as per [Santos's attorney's] admission, the lack of referral was not the reason behind his untimely request to "closely review, analyze and object" [to] the Report and Recommendation.  . . . To the contrary, [Santos's attorney] admits that, due to numerous professional commitments, yesterday, for the first time, he saw the Report and Recommendation because he "never checked the docket until today when the CM/ECF e-mails [were] received."   . . . This contention cannot serve as [the] basis for reconsideration of the order. See[] Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este and Sara L[ó]pez MD, 456 F.3d 272, 276 n.3 (1st Cir. 2006) (A party is "fully chargeable with knowledge of what the docket disclosed.").   The Court, however, will consider the memorandum of law in support of

her request for reconsideration it has authorized to be filed before making a final determination in this case.

Santos subsequently filed her memorandum in support of her motion for reconsideration on December 16, 2014, attaching an additional motion asking the district court to extend the original period for filing objections to the magistrate judge's report and recommendation.[4] She argued that reconsideration was appropriate due to the excusable neglect of her attorney -- claiming for the first time that notification of the magistrate judge's issuance of the report and recommendation had ended up in her attorney's email "spam folder."

The court accepted Santos's memorandum of law and permitted her to file the additional motion on December 17, 2014, but it advised her in an electronic docket order that it would treat the additional motion as part of her original motion for reconsideration. Defendants opposed Santos's motion, asserting that it was improper because it did not "seek[] to correct manifest errors of law, present newly discovered evidence, or [assert] an intervening change in law" -- the recognized bases for a motion to alter or amend a judgment under Federal Rule of Civil Procedure

---

[4] Santos also submitted her proposed objections. In her proposed objections she challenged the magistrate judge's findings on the but-for causation standard of proof required for her Title VII retaliation claims, but she also attempted to relitigate the claims that the court had dismissed two years earlier in its first summary judgment order.

- 7 -

59(e).[5]  See, e.g., Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008).  In a reply memorandum, Santos argued that her proposed objections to the magistrate judge's report and recommendation -- describing an alleged manifest error of law or fact in the court's adoption of the magistrate judge's report and recommendation -- and the excusable neglect of her attorney were sufficient to unwind the judgment.  Defendants filed a final "Informative Motion," again urging the district court to reject Santos's argument on the ground that she failed to meet the standard for a motion to reconsider.

On June 10, 2015, the district court entered an electronic order denying Santos's motion for reconsideration:

> The Court has carefully re-examined the arguments raised by plaintiff in support of her motion for reconsideration at Docket No. 160 and finds no reason to deviate from its prior ruling, after adopting the Report and Recommendation.  In her motion, plaintiff does not direct to any newly discovered evidence or an intervening change in the law; and has not shown that the Court's order was clearly unjust or based on a manifest error of law.  Rather, she insists and elaborates upon her previous arguments and even asks the court to reconsider an order entered more than two (2) years ago. The court declines plaintiff's invitation.  As such, and absent a valid

_____

[5] Santos's motion to reconsider did not reference any Federal Rule of Civil Procedure, but it appears that defendants assumed Santos's motion was a Rule 59(e) motion to amend or alter a judgment.  Santos, herself, adopted this framework in her reply to the defendants' response.  However, Santos was not asking the court to amend or alter its judgment, but in fact to vacate the judgment based on her attorney's excusable neglect.  Hence, as we explain below, the motion is properly characterized as a Rule 60(b) motion for relief from a judgment or order.

> ground for reconsidering the previous disposition, plaintiff's motion for reconsideration at Docket No. 160 is DENIED.

Santos then timely filed a notice of appeal, asking this court to review "the Judgment entered November 20, 2014, tolled by her Motion filed December 17, 2014 which was denied on June 10, 2015."[6]

On appeal, Santos contends that the district court erred when it granted summary judgment for defendants on her First Amendment claims in its August 2012 order and when it granted summary judgment for defendants on her Title VII and Law 115 claims in November 2014.

## II.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Conjugal P'ship Acevedo-Principe v. United States, 768 F.3d 51, 54 (1st Cir. 2014). In a typical appeal from a district court's grant of

---

[6] Federal Rule of Appellate Procedure 4(a)(1)(A) typically requires that a notice of appeal be filed in the district court within 30 days after the entry of the judgment which the party wishes to appeal. However, as we note below, Santos's motion for reconsideration constituted a Rule 60(b) motion for relief from a judgment. When a party files any Rule 60 motion within 28 days of the entry of judgment -- as Santos did in this case -- the time to file an appeal runs from the entry of the order disposing of the Rule 60 motion. See Fed. R. App. P. 4(a)(4)(A)(vi). (Because Santos's December 17, 2014 motion was filed within 28 days of entry of final judgment, we need not decide whether the appropriate date to ascribe to her motion for reconsideration for purposes of Appellate Rule 4(a)(4)(A)(vi) was the date of her initial November 20, 2014 motion or her December 17, 2014 follow-up motion.)

summary judgment, our review is de novo, and we view the facts in the light most favorable to the non-moving party -- in this case Santos. Del Valle-Santana v. Servicios Legales de P.R. Inc., 804 F.3d 127, 129 (1st Cir. 2015).

But this is not a typical appeal. Our review is contingent on a party's compliance with procedural rules that prescribe how issues may be preserved for appeal. Under Federal Rule of Civil Procedure 72(b) and Puerto Rico Local Rule 72(d), a party who wishes to challenge a magistrate judge's report and recommendation must file written objections within fourteen days. Likewise, it has long been the rule in this circuit that under the provisions of the Federal Magistrates Act, 28 U.S.C. § 636(b), parties who fail to file objections to a magistrate judge's report and recommendation lose their right to appellate review. Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980) ("We conclude that a party 'may' file objections within [the statutorily prescribed number of] days or he may not, as he chooses, but he 'shall' do so if he wishes further consideration."); see also Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) ("[O]nly those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such

- 10 -

objection are precluded on appeal." (quoting <u>Keating</u> v. <u>Sec'y of Health & Human Servs.</u>, 848 F.2d 271, 275 (1st Cir. 1988))).[7]

As noted above, Santos failed to object to the magistrate judge's report and recommendation. The magistrate judge warned her that "[f]ailure to comply with [Puerto Rico Local Rule 72(d)] precludes further appellate review." Santos's failure to comply with this rule bars us from examining the merits of her appeal.

After entry of final judgment, Santos filed a motion for reconsideration, asking the district court to reopen the suit and providing the objections that she would have lodged to the magistrate's report and recommendation if she had not missed the deadline set forth by Federal Rule of Civil Procedure 72(b) and Puerto Rico Local Rule 72(d). Santos's motion stated that she would not have missed the deadline but for her attorney's excusable neglect in failing to realize that the report and recommendation had been issued. "Excusable neglect" is listed as one of the specific bases for "grounds for relief from a final judgment, order, or proceeding" under Federal Rule of Civil Procedure

---

[7] The Supreme Court has upheld the application of this rule. <u>See</u> <u>Thomas</u> v. <u>Arn</u>, 474 U.S. 140, 155 (1985) ("[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired. Such a rule, at least when it incorporates clear notice to the litigants and an opportunity to seek an extension of time for filing objections is a valid exercise of the supervisory power that does not violate either the Federal Magistrates Act or the Constitution.").

60(b)(1).  Although Santos never cited the rule in her motion to reconsider, her motion is properly characterized as a Rule 60(b) motion for relief from the judgment.[8]  Cf. United States v. $23,000 in United States Currency, 356 F.3d 157, 165 & n.9 (1st Cir. 2004) (distinguishing a Rule 59(e) motion to modify a judgment from a Rule 60(b) motion to vacate a judgment).  Demonstrating excusable neglect is a "demanding standard."  Id. at 164.  The trial judge "has wide discretion" in this arena, and "we will not meddle unless we are persuaded that some exceptional justification exists."  Id. at 164-65.  Such an "exceptional justification" must be something more than an attorney's failure to monitor the court's electronic docket.  "Unfortunately for [Santos,] routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect."  Negron v. Celebrity Cruises, Inc., 316 F.3d 60, 62 (1st Cir. 2003).  The district court acted within its discretion when it denied Santos's motion for reconsideration.

## III.

In her brief Santos urges us to consider her First Amendment claim that was dismissed by the district court in August

---

[8] In its denial of Santos's motion for reconsideration, the district court employed the framework of a Rule 59(e) motion, which was introduced by defendants in their opposition to Santos's motion and adopted by Santos, herself, in her reply.  But as we have noted, vacating a judgment on the ground of excusable neglect by one party's attorney is governed by Rule 60(b), not Rule 59(e).  Hence, we analyze whether the district court's denial of Santos's motion for reconsideration was proper under Rule (60)(b).

2012.  Her notice of appeal, however, refers only to the district court's November 2014 decision to accept the magistrate judge's report and recommendation on her remaining Title VII and Law 115 claims and its denial of her motion to reconsider the entry of final judgment.  "Even though notices of appeal are to be liberally construed, if the appellant 'chooses to designate specific determinations in [her] notice of appeal -- rather than simply appealing from the entire judgment -- only the specified issues may be raised on the appeal.'"  Brooks v. AIG SunAmerica Life Assurance Co., 438 F.3d 579, 585 (1st Cir. 2007) (quoting Constructora Andrade Gutiérrez, S.A. v. Am. Int'l. Ins. Co. of P.R., 467 F.3d 38, 43 (1st Cir. 2006)).  By expressly asking us to review specific decisions of the district court to the exclusion of all other district court decisions, Santos gave neither this court nor appellees proper notice that she intended to dispute the earlier ruling on her First Amendment claim, leaving us without jurisdiction to review it.  See Constructora Andrade Gutiérrez, 467 F.3d at 44.  "[D]esignating a completely separate and independent order loudly proclaims [a] plaintiff's intention not to appeal from the former order. . . . As an ancient maxim teaches, 'expressio unius est exclusio alterius.'"  Kotler v. Am. Tobacco Co., 981 F.2d 7, 11 (1st Cir. 1992) (citation omitted).

**Affirmed**.