# United States Court of Appeals
## For the First Circuit

No. 16-1045

JOHN A. KEANE,

Plaintiff, Appellant,

v.

HSBC BANK USA, as trustee for ELLINGTON TRUST, SERIES 2007-2;
NATIONSTAR MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Kayatta, Lipez, and Barron,
Circuit Judges.

Jamie Ranney, Jamie Ranney, P.C., on brief for appellant.
Elizabeth T. Timkovich and Phoebe Norton Coddington, Winston
& Strawn, LLP, on brief for appellees.

October 31, 2017

**KAYATTA**, **Circuit Judge**.  John Keane appeals from the denial of his motion to vacate an order dismissing his lawsuit against HSBC, Nationstar Mortgage, and Mortgage Electronic Registration Systems.  We reverse.

## I.

In December 2014, Keane sued defendants in state court in Massachusetts, alleging a variety of state law violations in connection with a foreclosure action against a property he owned on Nantucket.  Defendants removed the action to federal court in the District of Massachusetts and moved to dismiss the case on April 23, 2015.  The district court entered an order setting a motion hearing for June 3.  At Keane's request, the district court extended Keane's response deadline to May 26, and moved the hearing date to June 17.  On May 26, Keane again requested an extension; the district court further extended his response deadline to June 8, and reset the motion hearing to July 22, but noted in the order that extended the deadline that "THERE WILL BE NO FURTHER EXTENSIONS ALLOWED."  Keane timely filed his response in opposition to the motion on June 8.  His counsel, however, failed to appear at the July 22 motion hearing.  The district court, sua sponte, dismissed Keane's suit for failure to prosecute.

One day after the district court entered its order dismissing the case, Keane's counsel filed a motion for relief

from that order, citing Federal Rule of Civil Procedure 60(b) and claiming "mistake, inadvertence, carelessness or excusable neglect." Keane's counsel explained that his failure to appear at the scheduled hearing was not intentional, but was instead the result of his neglect in failing to calendar the July 22 hearing date. A solo practitioner with a heavy caseload, he attributed his neglect to the fact that his only two office assistants had both left on maternity leave in June. The district court denied the motion without prejudice to its being refiled along with further supporting materials. Keane refiled the motion with an affidavit from his attorney confirming the statements in the original motion, but the district court denied it without any further explanation.[1] Keane appealed this denial, and only this denial; his notice of appeal does not mention the initial dismissal of the case for failure to prosecute.

## II.

We begin with a preliminary jurisdictional issue. In theory (and as a matter of prudence) Keane might have appealed from both the order dismissing the case for failure to prosecute

---

[1] It appears that the renewed motion was actually filed one day after the 30-day deadline set by the district court, because the month in which that deadline was set was a month with 31 days. Neither party has made anything of this, nor did the district court cite this one day delay as a reason for denying the motion.

and the order denying his Rule 60(b) motion for relief from that order. Instead, in his notice of appeal he designated only the latter, leaving us with jurisdiction only to review the latter. See Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 37 (1st Cir. 2013). In this context, though, the analyses of both the underlying dismissal and the Rule 60(b) motion merge. When a district court dismisses a case for failure to prosecute due to non-attendance at a hearing, it often lacks a key piece of information: the reason why the party or attorney failed to attend. This information only becomes available when the dismissed party requests relief from the dismissal under Rule 60(b). Thus, the Rule 60(b) motion provides the first occasion upon which a party may be heard and a fully informed district court can decide the appropriate course of action. And while a dismissal without notice and the opportunity to be heard would normally trigger due process concerns, the ability of a party or attorney to present an excuse for the absence on a Rule 60(b) motion solves this problem. See Link v. Wabash R.R. Co., 370 U.S. 626, 632 (1962)("[T]he availability of a corrective remedy such as is provided by Federal Rule of Civil Procedure 60(b) . . . renders the lack of prior notice of less consequence."). In evaluating the district court's denial of Keane's Rule 60(b) motion, we are essentially asking whether, given the information placed before it, the dismissal

remained justified as an act of the district court's discretion, or whether the district court was required to grant Keane's requested relief and vacate the dismissal. Thus, Keane's appeal of the refusal to set aside, under Rule 60(b), the dismissal entered without notice permits us to consider the appropriateness of that dismissal, even if listing both rulings in the notice of appeal would have been preferable.

The grant or denial of a motion under Rule 60(b) is committed to the sound discretion of the district court and we review its decision for abuse of discretion. Dávila-Álvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 63 (1st Cir. 2001); see also Santos-Santos v. Torres-Centeno, 842 F.3d 163, 169 (1st Cir. 2016) ("The trial judge has wide discretion in this arena, and we will not meddle unless we are persuaded that some exceptional justification exists." (internal quotation marks omitted)). In general, our precedent dictates that Rule 60(b) motions should be granted sparingly, and any grant or denial of the same should be viewed with great deference on appeal. See, e.g., Santos-Santos, 842 F.3d at 169 ("Demonstrating excusable neglect is a demanding standard." (internal quotation marks omitted)).

That being said, the law also manifests a strong preference that cases be resolved on their merits. See Ortiz-

Anglada v. Ortiz-Perez, 183 F.3d 65, 66 (1st Cir. 1999) ("[D]isposition on the merits is favored . . . ."). We have repeatedly made clear that "dismissal with prejudice for want of prosecution is a unique and awesome [sanction]" to which courts should not resort lightly. Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (collecting cases). We have said that dismissal is appropriate "in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Id. (internal quotation marks omitted). Such language implies that dismissal for failure to prosecute is usually not appropriate for garden-variety, isolated instances of attorney negligence. Given the Supreme Court's explicit directive that Rule 60(b) may be used as a litigant's opportunity to be heard on the appropriateness of a dismissal for failure to prosecute, see Link, 370 U.S. at 632, a district court facing a Rule 60(b) motion offering an explanation for failure to prosecute should give a party's explanation serious consideration and ensure that, on a full factual record, dismissal remains the appropriate sanction. See Hernandez v. Herndandez-Colon, No. 94-2169, 1995 WL 146236, at *2 (1st Cir. Apr. 5, 1995) (unpublished opinion) (reversing the denial of a Rule 60(b) motion for relief from a dismissal for failure to prosecute where additional

- 6 -

information provided by the plaintiffs in their Rule 60(b) motion rendered dismissal inappropriate).

Applying the above principles to the matter at hand, we conclude that the district court abused its discretion in denying Keane's Rule 60(b) motion. There is no suggestion at all that Keane's counsel's failure to appear was intentional. Nor does the record point to any prior neglect by counsel or a lack of regard for the importance of adhering to court-ordered deadlines. Defendants cite the two instances when Keane's counsel sought to reschedule hearings. Those instances, though, reflect no lack of regard for the court's deadlines; to the contrary, counsel paid attention to the hearing dates and followed the proper rules for securing changes to those dates. It is possible that repeated last-minute requests for extensions could, at a certain point, become abusive, but wherever that point is, Keane's two requests did not reach it.

The district court also gave no notice that failure to appear would result in dismissal with prejudice (rather than, for example, a loss of the ability to present oral argument). And the unexplained refusal to vacate the dismissal meant, as a practical matter, that Keane's claims were left without a single merits adjudication. While particularly egregious instances of a party neglecting to prosecute its case may lead to this result, the

strong preference for adjudicating disputes on the merits counsels against sua sponte dismissals where there has never been any consideration of the merits.

Finally, defendants claim no serious prejudice beyond the costs of having counsel travel to and from the hearing, a harm that could have been remedied by a monetary sanction. Alternatively, and perhaps preferably, the district court might have proceeded with the hearing as scheduled. In that event, defendants would have ended up suffering no harm at all, while the harm to Keane (having to rely on his brief alone) would have fit the fault without overshooting the mark.

It is true that we have said that an attorney's failure to meet court deadlines due to "routine carelessness" does not generally constitute the excusable neglect that would merit relief under Rule 60(b). See Negrón v. Celebrity Cruises, Inc., 316 F.3d 60, 62 (1st Cir. 2003); see also Santos-Santos, 842 F.3d at 169 (exceptional justification necessary for Rule 60(b) relief "must be something more than an attorney's failure to monitor the court's electronic docket"); Vargas v. Gonzalez, 975 F.2d 916, 918 (1st Cir. 1992) (an attorney's failure to attend a status conference rescheduled at that attorney's request was not excusable neglect justifying a Rule 60(b) vacatur of the district court's order dismissing the case). But these cases dealt either with repeated

offenses over the course of three months, see Vargas, 975 F.2d at 916, or failures to file objections to the reports of magistrate judges within a time specified by court rules, see Negrón, 316 F.3d at 61; Santos-Santos, 842 F.3d at 166. Reports by magistrate judges often include an express warning of what will happen if no timely objection is filed. See Negrón, 316 F.3d at 61 (magistrate judge's order warned that failure to file specific objections within ten days would waive appellate review); see also Santos-Santos v. Puerto Rico Police Dep't, 63 F. Supp. 3d 181, 184 (D.P.R. 2014) ("Absent objection, a district court has a right to assume that the affected party agrees with the magistrate judge's recommendation." (alterations and internal quotation marks omitted)). In such cases, moreover, dismissal results only if the magistrate judge first concludes that the dismissed claims fail on the merits. In short, negligence in that context forfeits the right to seek review of a merits adjudication. It does not, as here, prevent any merits adjudication whatsoever.

It is also undoubtedly true that "[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." Stonkus v. City of Brockton Sch. Dept., 322 F.3d 97, 101 (1st Cir. 2003). But this assumes that these consequences will be reasonably proportionate to the offense

and thus foreseeable to counsel. As we have said, "the excusable neglect inquiry involves a significant equitable component and must give due regard to the totality of the relevant circumstances surrounding the [party's] lapse." Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005) (internal quotation marks omitted). In sum, Keane's counsel's behavior, though neglectful, was not intentional, egregious, or repetitive, and a sanction short of dismissal would have ensured that no harm was caused to Defendants or to the court's perfectly appropriate desire to move the litigation forward. Faced with an innocent and undisputed reason for counsel's absence, the district court should have concluded that while some sanction might have been appropriate, dismissal with prejudice was too harsh given the circumstances.

## III.

For the foregoing reasons, the district court's denial of Keane's motion to vacate the prior order dismissing his case is reversed, the order dismissing the case is vacated, and the case is remanded to the district court for further proceedings consistent with this opinion. Each party shall bear its own costs.