# United States Court of Appeals
## For the First Circuit

No. 17-1407

IN RE: LAURA M. SHEEDY,

Debtor

LAURA M. SHEEDY,

Appellant,

v.

CAROLYN A. BANKOWSKI, Standing Chapter 13 Trustee; and
WILLIAM K. HARRINGTON, United States Trustee for Region I,

Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Allison Dale Burroughs, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

David G. Baker, on brief for appellant.
Patricia A. Remer, Office of the Chapter 13 Trustee, on brief
for appellee Bankowski.
Robert J. Schneider, Jr., Trial Attorney, Department of
Justice, Executive Office for United States Trustees, Ramona D.
Elliott, Deputy Director/General Counsel, P. Matthew Sutko,
Associate General Counsel, John P. Fitzgerald III, Assistant
United States Trustee, and Eric K. Bradford, Trial Attorney,
Department of Justice, Office of the United States Trustee, on
brief for appellee Harrington.

November 16, 2017

**TORRUELLA**, **Circuit Judge**.  The single issue before us is whether the bankruptcy court abused its discretion in denying Appellant Laura Sheedy's ("Sheedy") motion for extension of time to file a notice of appeal pursuant to Bankruptcy Rule 8002(d)(1)(B) for failing to show excusable neglect.  Sheedy's motion was filed one business day late as a result of her attorney's preoccupation with his second job as a church's music director.  After a review of the arguments, we discern no abuse of discretion and affirm.

## I.  Background

The facts surrounding this appeal are undisputed and we briefly summarize them here.  On June 8, 2010, Sheedy filed for Chapter 13 relief in the United States Bankruptcy Court for the District of Massachusetts.  After five years, the bankruptcy court had not confirmed Sheedy's plan.  Carolyn Bankowski ("Bankowski"), the Standing Chapter 13 Trustee,[1] filed a motion to dismiss, which the bankruptcy court granted on October 20, 2015.  On December 8, 2015, Bankowski submitted her Final Report and Account ("Final Report").  Sheedy filed an Objection to the Final Report and, after a hearing, the bankruptcy court overruled Sheedy's objection

---

[1]  William K. Harrington ("Harrington") is the appointed United States Trustee. Harrington and Bankowski are collectively referred to as "Trustees."

and entered an order to that effect on March 10, 2016. Pursuant to 28 U.S.C. § 158(c)(2) and Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure, Sheedy had fourteen days, until Friday, March 25, 2016, to file a notice of appeal.[2] A bankruptcy court may extend this appeal period if an appellant files a motion to extend: (1) within the fourteen-day period, Fed. R. Bankr. P. 8002(d)(1)(A); or (2) within twenty-one days after the fourteen-day appeal period, upon a showing of excusable neglect by the moving party. Fed. R. Bankr. P. 8002(d)(1)(B). Sheedy did not file an appeal or a motion to extend by March 25, 2016. On Monday, March 28, 2016, the bankruptcy court entered an order closing Sheedy's bankruptcy case. Later that same day, Sheedy filed an untimely notice of appeal and a motion for extension of time.

In her motion, Sheedy claimed, through counsel, that her attorney missed the fourteen-day deadline due to inadvertence and oversight. Specifically, Sheedy alleged that, in addition to his legal practice, counsel was employed as a music director in a church and the "important religious holidays of the last week

---

[2] Rule 9006 explains how to compute time periods specified in the Bankruptcy Rules. Subsection (a)(1)(A) states that when the time period is stated in days -- fourteen days in this case -- the day of the triggering event (i.e., an order being appealed) is excluded from the computation. As the bankruptcy court order in this case was issued on March 10, 2016, the fourteen day clock started on March 11, 2016, and expired on March 25, 2016.

-4-

occupied his full attention." According to Sheedy, this one day delay constituted excusable neglect. The Trustees, in turn, filed their respective objections to Sheedy's motion for extension of time. Specifically, Bankowski argued that both the deadline to file the notice of appeal and counsel's obligations of his other employment were known and anticipated. Thus, Sheedy failed to provide sufficient justification for her counsel's error. Harrington pointed out that Sheedy's counsel identified no unique or extraordinary circumstances that prevented him from filing the very simple two-page notice of appeal.

The bankruptcy court denied Sheedy's motion in one sentence: "The Motion is denied for the reasons stated in the Objections to this Motion filed by [the Trustees]." Sheedy then appealed to the district court, which affirmed the bankruptcy court's decision. Sheedy v. Bankowski, No. 16-cv-10702-ADB, 2017 WL 74282, at *1 (D. Mass. Jan. 6, 2017). The district court found that Sheedy's counsel knew about his responsibilities around Easter[3] well in advance of the appeal deadline. Id. at *3. Therefore, counsel's explanation for the delay "seem[ed] to amount

---

[3] In her motion for extension, as well as her brief, Sheedy refers to "the important religious holidays" of the week leading up to March 25, 2016, but does not specifically name the holidays to which she is referring. However, the district court referred to these holidays as those "leading up to Eastertide."

to mere inadvertence," and did not constitute excusable neglect.
Id. at *3-4.

## II.  Analysis

On appeal, Sheedy once again argues that the bankruptcy court should have granted the requested "de minimus" extension as counsel's inadvertent oversight and absence of any "deliberately dilatory" tactics constituted excusable neglect.  Further, the delay was not due to a misunderstanding of clear law or misreading of an unambiguous judicial decree, but rather because counsel was preoccupied with his responsibilities as music director in a church during the important and "unique" religious holidays of the week of March 25, 2016.  These circumstances, she contends, provide sufficient justification as the religious holidays around March 25 occur only once a year and are therefore "unique."

Great deference must be afforded to a bankruptcy court's determination regarding whether counsel's neglect is excusable; we may not set it aside without a definite and firm conviction that the court below abused its discretion and committed clear error. In re Power Recovery Sys., Inc., 950 F.2d 798, 801 (1st Cir. 1991). Absent the existence of some exceptional justification, an appellate court will not intervene.  Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6-7 (1st Cir. 2001).  "Demonstrating excusable neglect is a demanding

standard" and the trial judge has "wide discretion" in dealing with litigants who make such claims. Santos-Santos v. Torres-Centeno, 842 F.3d 163, 169 (1st Cir. 2016) (citation and internal quotation marks omitted); see also Quebecor, 270 F.3d at 6-7.

Of course, the lower court's analysis must be cabined within the confines of the law. The Supreme Court has provided guidance, advising that trial courts utilize their equitable powers by weighing the following four factors: (1) the danger of prejudice to the non-moving party;[4] (2) the length of delay and potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (interpreting "excusable neglect" in Rule 9006(b)(1) of the Bankruptcy Rules); see Pratt v. Philbrook, 109 F.3d 18, 19 (1st Cir. 1997) (the trial court must weigh the "latitudinarian standards" outlined by the Supreme Court). While inadvertence, ignorance, or other such excuses "do not usually constitute 'excusable' neglect," Pioneer, 507 U.S. at 392, this Court has not strictly defined the term's boundaries. We recognize, however,

---

[4] In her belated motion for extension of time, Sheedy argued that "the fee collected by the [Standing Chapter 13] trustee . . . is a not insignificant amount, [and the] loss of which would be prejudicial to [her]." However, the correct measure of prejudice is to the non-moving party, or the Trustees in this case. See Rivera v. ASUME, 486 B.R. 574, 578 (B.A.P. 1st Cir. 2013).

that, in carving out the excusable neglect exception, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by [these reasons]." Id. at 388 (emphasis added).

The reason for the delay is the most important of the Pioneer factors. See Quebecor, 270 F.3d at 5-6; see also Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 39 (1st Cir. 2013) ("At a bare minimum, a party who seeks relief from judgment . . . must offer a convincing explanation as to why the neglect was excusable." (quoting Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002))). Even where there is no prejudice, impact on judicial proceedings, or trace of bad faith, "[t]he favorable juxtaposition of the[se] factors" does not excuse the delay where the proffered reason is insufficient. Hosp. del Maestro v. NLRB, 263 F.3d 173, 175 (1st Cir. 2001); see Dimmitt v. Ockenfels, 407 F.3d 21, 25 (1st Cir. 2005) (an attorney who does not submit a valid reason for non-compliance with the rules cannot thereafter avail himself under the good faith factor).

The trial court has "the best coign of vantage" to determine the adequacy of the proffered reason upon consideration of the totality of the relevant circumstances. Bennett v. City of Holyoke, 362 F.3d 1, 5 (1st Cir. 2004); see Quebecor, 270 F.3d at 6. Absent some extraordinary circumstance, it would be unwise

for us to second guess its judgment.  Bennett, 362 F.3d at 5.

We find no such circumstance, and see no error in the bankruptcy court's rational conclusion that counsel's carelessness is an insufficient reason for the delay.  While we do not doubt the demanding nature of counsel's musical duties during this time of year, the religious holidays occur annually and their dates were known well in advance of the two-week filing deadline. Counsel could and should have planned his legal responsibilities accordingly.  See Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 101 (1st Cir. 2003) ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." (quoting de la Torre v. Cont'l Ins. Co., 15 F.3d 12, 15 (1st Cir. 1994))).

In addition, Sheedy provided no reason why counsel could not have fulfilled his legal obligation during the first week of the two-week filing deadline.  Sheedy's motion for extension, a two-page submission, simply stated that "the important religious holidays of the last week occupied [counsel's] full attention," but failed to address counsel's schedule during the first week of the appeals period.  As with many other professions, attorneys are expected to manage deadlines even when they fall around holidays. See Farris v. Shinseki, 660 F.3d 557, 565 (1st Cir. 2011) (missing

a deadline because it fell between Christmas and New Year's Day was "highly unconvincing"). The bankruptcy court acted well within its bounds in finding that counsel, who has considerable federal appellate experience, was fully capable of following procedural requirements despite his directorial duties. Cf. Dimmitt, 407 F.3d at 24 (affirming district court's grant of summary judgment following counsel's failure to comply with local procedural rules).

In support of her position that this one-day inadvertent delay was excusable, Sheedy cites Local Union No. 12004, United Steelworkers of Am. v. Massachusetts, in which we affirmed the district court's finding of excusable neglect for counsel's notice of appeal filed fourteen days late. 377 F.3d 64, 72 (1st Cir. 2004). The district court allowed the late filing without comment based upon counsel's representation that he was preoccupied taking care of his severely ill infant son. Id. This Court found that, although the plaintiffs were represented by multiple other attorneys who presumably could have timely filed, the district court acted within its discretion. Id. Sheedy argues that, like the attorney in Local Union No. 12004, her attorney was preoccupied with personal matters not related to his legal practice.

Sheedy's case is distinguishable. In Local Union No. 12004, we were reviewing the district court's decision to grant a

motion for an extension of time, whereas we are now reviewing the bankruptcy court's denial of a similar motion. This distinction is worth emphasizing, especially in light of the deferential standard that we must apply. Notably, in Local Union No. 12004, this Court declared that the district court would not have abused its discretion had it reached the opposite conclusion. Id. In addition, unlike in Local Union No. 12004, Sheedy's counsel's miscue was not for an unforeseen situation such as a severely ill infant, but rather as a result of annually occurring religious holidays. In light of these differences, we see no clear error in the bankruptcy court's conclusion that Sheedy's justification did not meet the most important Pioneer factor. See Quebecor, 270 F.3d at 5-6.

Our decision is not meant to imply that the lower court's discretion is absolute. Recently, in Keane v. HSBC Bank USA, this Court found that the district court abused its discretion when it dismissed Keane's case after his counsel failed to appear at a scheduled motion hearing. No. 16-1045, 2017 WL 4900587, at *2 (1st Cir. Oct. 31, 2017). One day later, Keane's counsel filed a motion for relief, citing that his failure to appear was unintentional, and that, because his only two office assistants were on maternity leave, he simply failed to calendar the hearing date. Id. at *1. While acknowledging the deference owed to a

-11-

district court's ruling, we found that, because counsel's behavior was not intentional, egregious, or repetitive, and resulted in no prejudice to the defendants, dismissal was an inappropriate sanction.  Id. at *3.

Our holding in Keane, however, is not inconsistent with our holding here, as that decision relied heavily on our "strong preference for adjudicating disputes on the merits . . . where there has never been any consideration of the merits."  Id. at 2. We distinguished Keane's circumstance from ones such as Sheedy's, stating that "negligence in that [latter] context" -- in which a judge has previously ruled on the merits -- "forfeits the right to seek review of a merits adjudication."  Id. at 3.

In the present situation, the bankruptcy court made a ruling on the merits, overruling Sheedy's objection to the Final Report.  Absent a timely notice of appeal, the bankruptcy court correctly assumed that Sheedy agreed with its ruling, see Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985), and closed this five-year-old case. We see no error in the bankruptcy court's decision that counsel's neglect forfeited any further review.

### III.  Conclusion

For the reasons stated above, we conclude that the district court did not abuse its discretion in finding that

-12-

Sheedy's counsel's inadvertence did not constitute excusable neglect, and she is bound by his misstep.  The bankruptcy court's order is affirmed.

**<u>Affirmed</u>.**