# United States Court of Appeals
## For the First Circuit

No. 23-1372

VIVALDI SERVICIOS DE SEGURIDAD, INC.,

Plaintiff, Appellant,

v.

MAISO GROUP, CORP.; JORGE W. MAISONET-RIVERA; WILLIAM
MAISONET-RODRIGUEZ; EVELYN RIVERA; CONJUGAL PARTNERSHIP OF
WILLIAM MAISONET AND EVELYN RIVERA; TRANSCRIPCIONES JOREV,
INC.; INOPALT, INC.; KITCOR, INC.; LENDING EASE, CORP.;
CORPORATION A; INSURANCE COMPANY A; JOHN DOE; JANE DOE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. William G. Young,* U.S. District Judge]

Before

Gelpí, Montecalvo, and Rikelman,
Circuit Judges.

José B. Vélez Goveo and Vélez & Vélez Law Office on brief for
appellant.
Ramón Muñiz-Santiago on brief for appellee.

February 14, 2024

---

* Of the District of Massachusetts, sitting by designation.

**GELPÍ**, **Circuit Judge**.    May a district court dismiss a case for counsel's unexcused failure to appear at the final pretrial conference when this is the first and only instance of non-compliance and the district court did not consider a lesser sanction?   Under our precedent, the answer is ordinarily, "No." Yet that is what the district court did here.   We find such a draconian sanction unwarranted and thus vacate the dismissal order.

## I. BACKGROUND

The procedural timeline leading to dismissal is uneventful.   Plaintiff filed a complaint alleging RICO violations, pursuant to 18 U.S.C. §§ 1962 and 1964, and related state-law claims on February 6, 2018.   Defendants moved to dismiss shortly after, and the district court agreed;  however, it granted the motion without prejudice, permitting Plaintiff to file an amended complaint.    After Plaintiff did so,  the case proceeded to discovery, and the district court resolved the few discovery issues that arose before it.

Up until the final pretrial conference, the district court -- as evidenced by the docket -- did not note a single non-compliant act by any of the parties.  At said conference, held by video teleconferencing on February 23, 2023, Plaintiff's counsel inexcusably failed to appear.  In a succinct minute entry, the district court noted, "Case Called. Defense counsel present.

Plaintiff's counsel does not appear. Case is non-suited[] for proceedings held before Judge William G. Young."

On March 23, 2023, Plaintiff's counsel filed a motion to clarify the district court's decision, asking if, in fact, the district court dismissed the case outright. In this motion, Plaintiff's counsel informed the district court that he "was unable to connect for reasons [outside] of [his] control." On March 27, 2023, the district court denied the same via minute entry:

> Motion denied. There is nothing to clarify. This case was dismissed due to the failure of plaintiff's counsel to appear at a duly scheduled final pretrial conference notwithstanding repeated attempts to contact him. If this motion was intended to be treated as a motion for reconsideration, it is denied as wholly unsupported.

The district court then entered judgment against Plaintiff, and this timely appeal followed.

## II. <u>ANALYSIS</u>

We review Federal Rule of Civil Procedure 41(b) dismissals under an abuse-of-discretion standard. <u>U.S. ex rel. Nargol</u> v. <u>DePuy Orthopaedics, Inc.</u>, 69 F.4th 1, 11 (1st Cir. 2023). "Within our review for abuse of discretion, legal questions are reviewed de novo, factual findings for clear error, and issues of judgment or legal application are reviewed for abuse of discretion." <u>Id.</u> at 12 (citing <u>Victim Rts. Law Ctr.</u> v. <u>Rosenfelt</u>, 988 F.3d 556, 559 (1st Cir. 2021)).

Our precedent is clear. "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in [Rule] 41(b)." Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525-26 (1st Cir. 2002) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962)); see also Nargol, 69 F.4th at 13. However, dismissal under Rule 41(b) as a sanction is warranted "only when a plaintiff's misconduct has been extreme" or contumacious. Nargol, 69 F.4th at 13 (quoting Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007)); see also Vázquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011); Batiz Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4-5 (1st Cir. 2002); Cosme Nives v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987).

"[D]ismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order." Lawes v. CSA Architects & Eng'rs, 963 F.3d 72, 91 (1st Cir. 2020) (alteration in original) (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). "We have repeatedly made clear that 'dismissal with prejudice for want of prosecution is a unique and awesome [sanction]' to which courts should not resort lightly." Keane v. HSBC Bank USA for Ellington Tr., 874 F.3d 763, 765 (1st Cir. 2017) (alteration in original) (quoting Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003)). Although we readily acknowledge that "the choice of an

appropriate sanction must be handled on a case-by-case basis[,]" Lawes, 963 F.3d at 91 (quoting Young, 330 F.3d at 81), and that issuing a sanction, like all effective "case management[,] is a fact-specific matter within the ken of the district court," Nargol, 69 F.4th at 14 (quoting Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996)), we balance the district court's authority to manage its docket against "the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits and procedural aspects such as notice[.]" García-Pérez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010) (per curiam) (internal quotation marks and citations omitted). That is why we have offered several, non-exhaustive factors to consider before entertaining dismissal, including "the severity of the violation, . . . the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Nargol, 69 F.4th at 14 (quoting Malot, 478 F.3d at 44). With the presumption in favor of resolving cases on their merits in mind, dismissal "should be employed only after the district court has determined 'that none of the lesser sanctions available to it would truly be appropriate.'" Lawes, 963 F.3d at 91 (quoting Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988)).

Our circuit and others have thus looked unfavorably upon district courts dismissing cases sua sponte without showing a pattern of contumacious conduct, contemplating or giving a lesser sanction, warning the disruptive party that it may be sanctioned, or, at the very least, developing a record showing that they weighed the relevant factors seriously. For example, in Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 39-40 (1st Cir. 2002), we reversed the district court's dismissal of the case based on an attorney's single failure to appear at a hearing because the record showed no pattern of the plaintiff's recalcitrance or prejudice to the district court or defendant, and the district court did not consider lesser sanctions. See also Keane, 874 F.3d at 765-66 (vacating a dismissal where the plaintiff's attorney inadvertently missed a hearing because there was no notice that the district court might dismiss the case for failure to appear and the only claim of prejudice -- costs to the defendant -- could be remedied with a monetary fine). Other circuits are in accord, such as in Peterson v. Archstone Communities LLC, 637 F.3d 416 (D.C. Cir. 2011). There, the D.C. Circuit vacated a dismissal order where the plaintiff did not appear for a single hearing -- just as here, where the district court did not consider other sanctions, demonstrate how failing to appear at one hearing prejudiced the defendant, or document the plaintiff's history of contumacious conduct. Id. at 418-20.

Tolbert v. Leighton, 623 F.2d 585 (9th Cir. 1980), is also analogous. The Ninth Circuit reversed a district court's dismissal of a plaintiff's case sua sponte "where (1) the only evidence of dilatoriness [was] his or his attorney's failure to attend a pretrial conference; (2) the court [had] not warned that failure to attend [would] create a risk of dismissal; and (3) the case [was] still 'young.'" Id. at 587.

Here, we follow our own precedent and, to the extent other circuits align with our standard, are persuaded by those circuits faced with analogous scenarios. See, e.g., Keane, 874 F.3d at 765-66; Crossman, 316 F.3d at 39-40; Peterson, 637 F.3d at 418-20; Tolbert, 623 F.2d at 587. Plaintiff's counsel's non-appearance at the final pretrial conference was the first and only instance of non-compliance by Plaintiff or its counsel of record.[1] Just as in the cases we described above, "the only evidence of dilatoriness" was Plaintiff's counsel's "failure to attend a pretrial conference[,]" Tolbert, 623 F.2d at 587, the district court "gave no notice that failure to appear would result

---

[1] Defendants assert that Plaintiff's counsel, without their consent, scheduled dates to meet in anticipation of the final pretrial conference that they could not attend. A review of the record, however, fails to show that the district court considered this allegation at all, other than to set the final pretrial conference. See García-Pérez, 597 F.3d at 7 n.1 (discounting the district court's attempt to rely on other purported non-compliance where "it identified no such orders and none [were] pointed out by the appellees or apparent in the record").

- 7 -

in dismissal[,]" Keane, 874 F.3d at 766, the record is "absen[t with] evidence -- or even any contention -- that the defendants were prejudiced by the delay[,]" García-Pérez, 597 F.3d at 9 (citing Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006)), and the district court did not "try 'less dire alternatives' before resorting to dismissal[,]" Peterson, 637 F.3d at 419 (quoting Noble v. U.S. Postal Serv., 71 F. App'x 69, 69 (D.C. Cir. 2003) (per curiam)). The district court thus improvidently dismissed the case under these circumstances.

We cannot discern any other basis for the district court's ruling from the record. Although the district court mentions that it made "repeated attempts to contact" Plaintiff's counsel, those appear to have been made contemporaneously with the final pretrial conference. Hence, absent any other indication in the record, we cannot conclude that these are separate and repeated violations that amount to contumacious conduct worthy of dismissal. Cf. Nargol, 69 F.4th at 14-15 (affirming dismissal where the district court explained, and the record supported, why the party's recalcitrance throughout decade-long litigation merited dismissal). And while the district court discredited Plaintiff's counsel's justification for failing to appear -- to wit, that he could not connect to the video conference -- this amounts to a sole violation of a court order, leading to an

"automatic" dismissal that cannot stand.  <u>Lawes</u>, 963 F.3d at 91 (quoting <u>Young</u>, 330 F.3d at 81).

To be clear, our ruling today does not imply that counsel and parties are entitled to a "get-out-of-jail-free pass" to violate court orders.  To the contrary, the district court had a panoply of alternative lesser sanctions it could employ.  It could have, for example, fined counsel, awarded attorney's fees to the opposing party, or rescheduled the conference with a warning that any future dilatory behavior would result in more severe consequences.  <u>See, e.g.</u>, <u>García-Pérez</u>, 597 F.3d at 9; <u>Crossman</u>, 316 F.3d at 39-40.  What it may not do is immediately dismiss a case upon a single, inadvertent violation of a court order and without even considering lesser sanctions.  <u>See, e.g.</u>, <u>Keane</u>, 874 F.3d at 765-67; <u>Crossman</u>, 316 F.3d at 39-40.  We thus advise district courts not to automatically penalize the parties, who may have meritorious claims, for an attorney's single mistake or lapse. <u>Cf.</u> <u>Carpenter</u> v. <u>City of Flint</u>, 723 F.3d 700, 704 (6th Cir. 2013) (advising against involuntary dismissal with prejudice unless the circumstances warrant it because it "deprives a plaintiff of his day in court due to the inept actions of his counsel" (quoting <u>Patterson</u> v. <u>Township of Grand Blanc</u>, 760 F.2d 686, 688 (6th Cir. 1985))).  We further remind district courts to afford "the strong presumption in favor of deciding cases on the merits" the weight

- 9 -

that it deserves.  García-Pérez, 597 F.3d at 7 (quoting Malot, 478 F.3d at 43).

## III. CONCLUSION

For the reasons stated, we **vacate** the district court's dismissal order and **remand** for further proceedings.  No costs are awarded.