# United States Court of Appeals
## For the First Circuit

No. 17-1385

PATRICK SKRABEC; NEIL SKRABEC; AND MARY ANN SKRABEC,

Plaintiffs, Appellants,

v.

TOWN OF NORTH ATTLEBORO; DANIEL ARRIGHI; JOSHUA MCMAHON; KEVIN
MCKEON; JOHN DOES 1 THROUGH 20,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch and Selya, Circuit Judges,
and Levy, District Judge.[*]

Jeffrey B. Pine, Maria F. Deaton, and Lynch & Pine LLC on
brief for appellants.
Jason W. Crotty and Pierce Davis & Perritano LLP on brief for
appellees.

December 18, 2017

_____

[*] Of the District of Maine, sitting by designation.

## I. INTRODUCTION

**LEVY, District Judge**. This appeal arises from the grant of the Defendants' summary judgment motion following the Plaintiffs' failure to oppose the motion within the timeframe set by the district court. The Plaintiffs, citing excusable neglect, sought relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), which the court denied. Finding no error, we affirm the judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In December 2012, during the week following the shooting at Sandy Hook Elementary School, Patrick Skrabec — then a student at North Attleboro High School — was arrested after telling high school classmates that "he would like to shoot up the school." Skrabec v. Town of North Attleboro, 321 F.R.D. 46, 47 (D. Mass. 2017). Patrick was charged with the misdemeanor offenses of threatening to commit a crime, Mass. Gen. Laws ch. 272, § 2, and disturbing a school assembly, Mass. Gen. Laws ch. 272, § 40. Id. Following a jury trial, Patrick was acquitted of both charges. Id.

In the wake of his acquittal, Patrick and his parents, Neil and Mary Ann Skrabec, (collectively, the "Skrabecs"), filed suit, alleging that by arresting and prosecuting Patrick, the Town of North Attleboro, along with the Town's Detective Daniel Arrighi, and Police Officers Joshua McMahon and Kevin McKeon,

(collectively, the "Town"), (1) conspired to violate and violated Patrick's constitutional rights under 42 U.S.C. § 1983, (2) acted negligently, (3) negligently inflicted emotional distress, (4) committed malicious prosecution, and (5) deprived Neil and Mary Ann Skrabec of consortium with their son, Patrick. Id. The Town answered and raised affirmative defenses. Following a scheduling conference, the district court ordered the parties to file dispositive motions by October 31, 2016, and their opposition to any motions by November 30, 2016. Thereafter, the Skrabecs sent the Town a settlement demand letter on October 3, 2016. Sadly, on October 20, Patrick passed away at the age of 21.

The Town filed its motion for summary judgment on October 28. The motion asserted that probable cause did in fact exist to arrest Patrick; the individual defendants were entitled to qualified immunity; the defendants' conduct was not sufficiently outrageous to impose liability for intentional infliction of emotional distress; and the Skrabecs' parental loss of consortium claim was not recognized under Massachusetts law.

On November 21, the Skrabecs' attorney e-mailed the following message to the Town's attorney:

> Hi Jason—
> If you have a few minutes either today or tomorrow I'd like to touch base with you on this. As you know Patrick passed away and just want to get your take on where we stand.

I think our Demand and your Motion for Summary Judgment
were sent out within a few days of each other, and we
haven't discussed either since.
Thanks,
Jeff

The Town's attorney responded by e-mail less than an hour later:

Jeff,
I'm in the office all day tomorrow. Feel free to give me
a call at your convenience.
Regards,
Jason

Despite this e-mail exchange, there were no additional communications between the attorneys until after the November 30 deadline for the Skrabecs to file their opposition to the motion for summary judgment had passed. On December 7, the Town's attorney e-mailed the Skrabecs' attorney, inquiring, "Can you tell me what your current settlement demand is so that I can pass same along to my client? Thanks." The Skrabecs' attorney replied within minutes, renewing the Skrabecs' previous settlement demand "for a couple of weeks," and stating that the offer would be withdrawn if "it [didn't] look like a December settlement" would be achieved. The record does not reflect any further communication between the attorneys.

On December 28, almost a month after the Skrabecs' opposition to the Town's summary judgment motion was due, the district court granted the Town's unopposed motion for summary judgment. Two days later, the Skrabecs filed their motion for relief from

judgment on the ground of excusable neglect.[1]  See Fed. R. Civ. P. 60(b)(1) (permitting a court to relieve a party from a final order if there was "mistake, inadvertence, surprise, or excusable neglect").  The Skrabecs based their request on their attorney's belief "that there was an understanding between counsel that they [(the Skrabecs)] would have an opportunity to object to the Motion for Summary Judgment in the event that settlement discussions did not progress."  Although Patrick Skrabec's death was mentioned in the Skrabecs' motion and in their reply memorandum, it was not cited as a reason for the Skrabecs' failure to oppose the Town's summary judgment motion.  The Town, in its opposition to the Skrabecs' Rule 60(b)(1) motion, did not dispute that there had been a settlement demand by the Skrabecs and communications between counsel, but asserted that the Town had never made a settlement offer and there was no agreement between the attorneys to extend the November 30 deadline for the Skrabecs to oppose the Town's summary judgment motion.

In denying Rule 60(b)(1) relief, the district court emphasized that the Skrabecs' failure to oppose the summary

---

[1] The Skrabecs' motion was titled "Plaintiffs' Motion to Set Aside the Judgment Under Rule 60."  The motion identified excusable neglect as the sole ground for relief. The district court's decision referred to the motion as a "Motion to Alter the Judgment."  We employ the terminology of Fed. R. Civ. P. 60, thus referring to the Skrabecs' motion as a motion for relief from judgment.  See Fed. R. Civ. P. 60.

judgment motion was not excusable.[2]  Skrabec, 321 F.R.D. at 48.

The court characterized the Skrabecs' belief that a settlement was

forthcoming based on sparse e-mails exchanged between counsel as

"exalt[ing] hope over reason."  Id. at 48 (quoting Nansamba v. N.

Shore Med. Ctr., Inc., 727 F.3d 33, 38 (1st Cir. 2013)).  Moreover,

the court determined that even if a settlement was imminent, it

would not justify the Skrabecs' attorney's assumption that he did

not need to oppose the Town's motion for summary judgment without

having either obtained the Town's consent or having sought an

extension of the deadline from the court.  Id. at 49.  This appeal

followed.

### III. LEGAL ANALYSIS

Federal Rule of Civil Procedure 60(b) relieves parties from

final judgments only under exceptional circumstances.  See Dávila-

Álvarez v. Escuela de Medicina Universidad Cent. del Caribe, 257

F.3d 58, 63-64 (1st Cir. 2001) (citing Lepore v. Vidockler, 792

F.2d 272, 274 (1st Cir. 1986)).  A party seeking Rule 60(b) relief

must show, at a bare minimum, "that his motion is timely; that

exceptional circumstances exist, favoring extraordinary relief;

that if the judgment is set aside, he has the right stuff to mount

---

[2] In this context, an attorney's negligence is imputed to the clients.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993) (rejecting the argument that "it would be inappropriate to penalize respondents for the omissions of their attorney" in favor of a policy holding parties accountable for the acts and omissions of their counsel).

a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) (internal citations omitted).

A party seeking relief under the "excusable neglect" prong of Rule 60(b)(1) must additionally show that its conduct meets that standard. Excusable neglect "requires more than a showing of neglect simpliciter; it requires a further showing that the neglect is excusable." Nansamba, 727 F.3d at 38. Deciding whether conduct is excusable is an equitable determination. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 389 (1993). Four factors are generally considered in connection with a request for relief from a judgment that was issued as a result of a missed deadline: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay, including whether it was within the control of the movant, and (4) the movant's good faith. Id. at 395; see also Sheedy v. Bankowski, 875 F.3d 740, 745 (1st Cir. 2017) (emphasizing that excusable neglect is a demanding standard and reiterating the four Pioneer factors) (internal citations omitted). While each potential factor should be weighed, there is ultimately a thumb on the scale because "[w]ithin the constellation of relevant factors, the most important is the reason for the particular oversight." Nansamba,

727 F.3d at 38–39 (citing Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005)).

We review the denial of a Rule 60(b) excusable neglect motion under an abuse-of-discretion standard. Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 43 (1st Cir. 2015) (citing Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997)). The standard is deferential, and we will not lightly substitute our judgment for that of the trial court, which is more familiar with the case and its management. See Lamboy-Ortiz v. Ortiz Vélez, 630 F.3d 228, 236 (1st Cir. 2010); see also Santos-Santos v. Torres-Centeno, 842 F.3d 163, 169 (1st Cir. 2016) ("The trial judge has wide discretion in this arena, and we will not meddle unless we are persuaded that some exceptional justification exists.") (internal quotation marks omitted).

Here, the Skrabecs contend that they failed to respond to the motion for summary judgment because of their attorney's good faith belief that he and the Town's attorney understood that the Skrabecs were not required to oppose the motion so long as settlement discussions were ongoing. That belief, however, was unsupported. The attorneys had not discussed extending the November 30 deadline for the filing of the Skrabecs' opposition. The Skrabecs' attorney's belief that the Town's attorney had agreed or would agree to an extension was no more than an assumption. Thus, the attorney's failure to timely file an opposition to the Town's

- 8 -

summary judgment motion, or to move the court to extend the deadline, was not excusable. Where, as here, a moving party proffers "no valid reason for the noncompliance, the protestations of good faith . . . plainly do not suffice as grounds for setting aside the district court's determination that his mistake could not be considered 'excusable neglect.'" Dimmitt, 407 F.3d at 25.

The Skrabecs seek to bolster their claim of excusable neglect by asserting that Patrick's death "disrupted settlement negotiations and the preparation of Plaintiffs' case." This contention is unavailing. Even if, as the Skrabecs contend, Patrick's death disrupted the settlement negotiations and the preparation of their case, the Skrabecs do not explain how the death contributed to their attorney's belief that he did not need to oppose the Town's motion so long as settlement negotiations were ongoing. See Dávila-Álvarez, 257 F.3d at 65 (concluding that even the death of counsel's brother and law partner was not sufficient upheaval to make counsel's neglect excusable).

Litigants seeking to suspend formal proceedings during settlement negotiations may alert the court and seek the extension of an outstanding deadline. See Fed. R. Civ. P. 6(b). That did not happen here. Without having raised the possibility of extending the response deadline with the Town or the court, there was no reason for the Skrabecs to assume that the deadline was extended and that they were relieved of the need to oppose the

- 9 -

summary judgment motion by November 30, as had been ordered.  See
de la Torre v. Cont'l Ins. Co., 15 F.3d 12, 15 (1st Cir. 1994)
("The fact that settlement negotiations are in progress does not
excuse a litigant from making required court filings . . . .  It
is common sense, as well as common courtesy, to alert the judge to
the ongoing negotiations and request that he or she postpone
imminent deadlines before they have expired.  A litigant
who . . . fails to take that simple step courts disaster.")
(internal citations omitted).  Having weighed all of the relevant
factors, the district court acted well within its discretion in
concluding that the Skrabecs failed to demonstrate excusable
neglect.

We affirm the judgment of the district court.