UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Edward Wheaton,
      Plaintiff

      v.                                   Case No. 20-cv-925-SM
                                           Opinion No. 2022 DNH 064

Robert H. Irwin Motors, Inc.,
d/b/a Irwin Toyota; Rick Glidden;
Chris Irwin; Edward Kelly;
Ronald O'Connor; and Wayne Thayer,
      Defendants


**O R D E R**


By order dated November 10, 2021, and in response to a motion for sanctions filed by defendants, the court dismissed plaintiff's case for: (a) failing to respond to a prior court order; and (b) neglecting to show cause why the case should not be dismissed for failure to prosecute. See generally Fed. R. Civ. P. 41(b). Two months later, plaintiff filed a motion to vacate judgment, invoking the provisions of Rule 60(b)(1). The court then sought additional briefing from the parties. Those briefs have been filed and, having reviewed the arguments advanced on both sides, the court grants plaintiff's motion to vacate. Plaintiff's counsel shall, however, pay defendants' reasonable attorney's fees incurred in responding to plaintiff's motion to vacate, in an amount not to exceed $5,000.00.

## Standard of Review

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect."  In support of his motion to vacate, plaintiff relies on the final basis for relief under Rule 60(b)(1): excusable neglect.

The Supreme Court has instructed lower courts that determining whether a party's neglect is "excusable" is an equitable endeavor.  To facilitate that inquiry, the Court identified four factors – the so-called "Pioneer factors" – for courts to consider: the danger of prejudice to the non-movant if the requested relief is granted; the length of the delay caused by the movant's conduct/oversight and its potential impact on judicial proceedings; the reason given for the movant's oversight, including whether it was within the movant's reasonable control; and whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

But, as the court of appeals for this circuit has noted, "While each potential factor should be weighed, there is

ultimately a thumb on the scale because '[w]ithin the constellation of relevant factors, the most important is the reason for the particular oversight.'" Skrabec v. Town of N. Attleboro, 878 F.3d 5, 9 (1st Cir. 2017) (quoting Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38-39 (1st Cir. 2013)). In light of the foregoing, it is plain that "relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly." Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 4 (1st Cir. 2014).

**Background**

In September of 2021, in response to plaintiff's repeated failures to provide requested discovery, defendants filed a motion seeking sanctions. Plaintiff did not object or otherwise respond. Plaintiff's failure to engage prompted the court to enter the following order:

> Plaintiff has not responded to the motion for sanctions, and seems to signal a general failure to prosecute this litigation. Plaintiff shall file a written response to the motion **on or before November 8, 2021**, and, in addition, shall show cause why the case should not be dismissed for failure to prosecute.

3

Original Show Cause Order, dated October 12, 2021.  Again, however, plaintiff remained silent.  Accordingly, the court entered the following order, dismissing plaintiff's complaint.

> Plaintiff having failed to respond to the pending motion for sanctions as directed by the court's order dated October 12, 2021, and having failed to show cause why this case should not be dismissed for failure to prosecute, the motion is granted to the extent that the case is <u>dismissed for failure to comply with the court's order and failure to prosecute</u>.  No award of attorney's fees is made in that rescheduling and pursuing discovery as described was not entirely outside the norm, and dismissal is an adequate sanction for plaintiff's failure to prosecute generally.

Order dated November 10, 2021 (emphasis supplied).  <u>See</u> <u>generally</u> Fed. R. Civ. P. 41(b).  That same day, judgment was entered in accordance with that order and the case was closed.


More than two months later (and four months after defendants filed their motion for sanctions), plaintiff filed a Motion to Vacate Judgment, invoking the provisions of Rule 60(b)(1) of the Federal Rules of Civil Procedure.  Defendants objected, saying plaintiff's meager filing failed to establish entitlement to the relief sought.  Indeed, defendants were correct: plaintiff's motion was vague, insufficiently supported, and deficient.  It gave no clear explanation for why counsel neglected to oppose defendants' motion for sanctions.  And, as

4

to the failure to respond to the court's original show cause order, counsel explained that he was unaware of its existence because notice of the order had been mistakenly directed to his email "spam" folder.

Rather than deny plaintiff's motion to vacate judgment, and recognizing that dismissal is a harsh sanction, the court afforded plaintiff an additional opportunity to brief the issues raised in his motion. In particular, the court directed plaintiff to address, "in detail, with supporting documentation, and with appropriate citations to legal authority" – the following questions:

1. How the relief sought in the motion to vacate can be reconciled with counsel's professional obligation to independently monitor the court's docket. See, e.g., Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168–69 (1st Cir. 2016) (noting that an attorney's failure to monitor the court's docket is not "excusable neglect" under Rule 60(b)(1)).

2. How counsel can overcome the presumption that a document properly submitted to the court's electronic-filing system was distributed to, and received by, all registered counsel in the case. See, e.g., Am. Boat Co. v. Unknown Sunken Barge, 418 F.3d 910, 913 (8th Cir. 2005); Dempster v. Dempster, 404 F. Supp. 2d 445, 449 (E.D.N.Y. 2005). See generally Fed. R. Civ. P. 5(b)(2)(E).

3. How counsel can reconcile the relief requested with precedent holding that the misdirection of court email into an attorney's "spam" folder is insufficient cause to support relief under Rule

5

60(b). See, e.g., Trevino v. City of Fort Worth, 944 F.3d 567, 572 (5th Cir. 2019) ("Emails mistakenly going to a spam folder do not merit Rule 60(b) relief."); Hill v. World Class Auto. Corp., No. 06-CV-2496 SLT RLM, 2008 WL 4809445, at *3 (E.D.N.Y. Nov. 4, 2008) ("Unsurprisingly, courts have repeatedly rejected the argument that the lack of actual notice due to problems with spam overrides an attorney's obligation to monitor the docket.").

Second Show Cause Order, dated February 23, 2022 (document no. 28).

## Discussion

In response to the court's Second Show Cause order, plaintiff argues that he "has a valid claim to prevail on his motion to vacate the dismissal [and] therefore plaintiff's [case] should not be dismissed for failure to prosecute." Plaintiff's Response (document no. 29) at 2. The problem with that argument (and, indeed, the problem with counsel's entire approach to the court's order) is plain: plaintiff's case has already been dismissed. That plaintiff could have presented a compelling and meritorious argument to the court's original show cause order is largely immaterial at this point in the proceedings. At this stage, the question presented is whether plaintiff can meet Rule 60(b)(1)'s requirement that he show "excusable neglect" for having failed to object to defendant's motion for sanctions and, more importantly, for having failed to

6

respond to the court's Second Show Cause order. Whether he has done so is certainly open to reasonable debate.

Making matters more difficult is the fact that, in support of his position, plaintiff cites <u>no</u> <u>authority</u> from this court, other district courts in this circuit, the Court of Appeals for the First Circuit, or the Supreme Court. Instead, he relies almost exclusively on non-binding authority from the Courts of Appeals for the Second and Fifth Circuits. <u>See generally</u> Plaintiff's Motion to Vacate Dismissal (document no. 25) (citing no authority) and Plaintiff's Supplemental Memorandum in Support of his Motion to Vacate Dismissal (document no. 29) (applying factors identified by the Fifth Circuit to determine whether a dismissal under Rule 41(b) was appropriate). In large measure, then, plaintiff's counsel has left it to the court to do the necessary legal research, identify the relevant precedent, and apply the governing law to the relevant facts. In short, counsel's briefing is decidedly unhelpful – a fact that is particularly surprising given the seriousness of the issues at hand.

Of the four <u>Pioneer</u> factors the court must consider, three arguably weigh in plaintiff's favor (or are neutral): the danger of prejudice to defendants in granting plaintiff's requested

7

relief is small, the length of the delay caused by plaintiff's inattentiveness has been modest, and while plaintiff's counsel has been exceedingly sloppy, there is no suggestion that he has acted in other than good faith. The fourth and singularly most important factor – the reason for the delay – weighs against plaintiff. Counsel has an undeniable professional obligation to monitor the court's docket and keep himself informed of all relevant developments in his case. See, e.g., Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168–69 (1st Cir. 2016). See also Alvi v. United Airlines, Inc., No. 08 CV 701 (SJ) (JMA), 2009 WL 10706589, at *2 (E.D.N.Y. Sept. 29, 2009) (collecting cases). Counsel neglected that professional obligation and, as a consequence, failed to respond to a direct order from this court.

Counsel's proffered justification for failing to object to defendants' motion for sanctions and then neglecting to respond to the court's original show cause order – that a single email notification from the court was misdirected to his "spam" folder – may be an explanation for his failures, but it is certainly not an excuse. See, e.g., Trevino v. City of Fort Worth, 944 F.3d 567, 572 (5th Cir. 2019) ("Emails mistakenly going to a spam folder do not merit Rule 60(b) relief."). See also Hill v. World Class Automotive Corp., No. 06-CV-2496 (SLT) (RLM), 2008

8

WL 4809445, *4 (E.D.N.Y. Nov. 4, 2008) (Townes, J.) ("Unsurprisingly, courts have repeatedly rejected the argument that the lack of actual notice due to problems with spam overrides an attorney's obligation to monitor the docket.").

Turning, then, to precedent from this circuit, one discovers that different panels of the court of appeals have expressed qualitatively different views on the appropriate response to circumstances such as these. Compare Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168-69 (1st Cir. 2016) (noting that "excusable neglect" is a "demanding standard" and such an "exceptional justification must be something more than an attorney's failure to monitor the court's electronic docket") with Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2, 874 F.3d 763, 766-67 (1st Cir. 2017) (distinguishing Santos, by focusing on the equitable nature of 60(b)(1) relief, and concluding that because counsel's behavior was "neglectful" but not "intentional, egregious, or repetitive" a sanction less than dismissal was appropriate).

Here, the court will indulge plaintiff and take its cue from Keane rather than from Santos-Santos. Counsel's conduct was, undeniably, neglectful. He concedes as much. See Supplemental Memorandum in Support of Motion to Vacate (document

9

no. 29) at 14 ("Plaintiff failed to respond to the Court's orders dated October 12, 2021, and November 10, 2021, was [sic] due to negligence and not a stubborn resistance to authority."). But counsel's conduct does not appear to have been "intentional, egregious, or repetitive." Keane, 874 F.3d at 767. The delay caused by counsel's conduct was not substantial and he appears to have acted in good faith throughout these proceedings. Considering the totality of the circumstances, see Pioneer, supra, and Keane, supra, dismissal of plaintiff's lawsuit based upon his counsel's conduct to date would be a disproportionate sanction.

**Conclusion**

In light of the foregoing, plaintiff's Motion to Vacate Dismissal (**document no. 25**) is granted. The court's order dated November 10, 2021, dismissing plaintiff's action is hereby vacated.

As a sanction for his failings – including both his failure to provide timely discovery and his failure to respond to the court's original show cause order - plaintiff's counsel shall personally pay defendants' reasonable attorney's fees incurred in connection with responding to his motion to vacate, not to exceed the sum of Five Thousand Dollars ($5,000.00). Because

10

plaintiff's counsel has represented to the court that he has now provided defendants with the long-sought-after medical releases, Defendants' Motion for Sanctions (**document no. 23**) is, in all other respects, denied.

If the plaintiff has not yet been deposed, defendants may take that deposition at their convenience notwithstanding any scheduling order impediments or deadline expirations.

        **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 11, 2022

cc:  Roger A. Peace, Jr., Esq.
     Paul T. Fitzgerald, Esq.
     Arthur E. Maravelis, Esq.